IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK DAVID REDMOND, SR., | ) | |
| | ) | Civil Action No. 7:22cv00471 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEPHEN O. CLEAR, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Mark David Redmond, Sr., a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against several staff at the Southwest Virginia Regional Jail in Abingdon, Virginia. Redmond seeks leave to proceed *in forma pauperis* with this action. Having reviewed Redmond's request and amended complaint, the court grants his request to proceed *in forma pauperis*, but concludes that Redmond has failed to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

In his amended complaint,[1] Redmond alleges that on June 19, 2022, he was "put in 4 pod and was put on the door (called [him] a snitch) [*sic*]." (Am. Compl. at 2 [ECF No. 8].) It appears he was given a disciplinary charge and someone "took all [of his] priv[ilege]s." (*Id.*) He also claims that he was "put in progre[ssive] housing" and someone "took [his] phone [and]

---

[1] By order entered October 12, 2022, the court conditionally filed this action, advised Redmond that his original complaint failed to state a claim against the named defendant, and gave Redmond the opportunity to file an amended complaint. (ECF No. 7.) The court advised Redmond that his amended complaint would replace the original complaint and constitute the sole complaint in this action. (*Id.*) Redmond filed an amended complaint on October 26, 2022. (ECF No. 8.)

everything." (*Id.*) He states that he was "talk[ed] to like shit" and he "tried to kill [him]self." (*Id.*) As relief, Redmond seeks $300.00 "per day from the [fir]st time" and he "want[s] to see the progress[i]ve hous[]ing done away with." (*Id.* at 3.)

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). Despite being given the opportunity to amend his complaint, Redmond has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to Redmond's conditions of confinement or that they violated any other of Redmond's federal rights. In fact, Redmond fails to make any allegations against any of the defendants and only names them in the caption of the amended complaint. Accordingly, the court concludes that Redmond has failed to state a cognizable § 1983 claim against any of the named defendants.

## III.

For the reasons discussed, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 7th day of November, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
